## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **FERNANDEZ LEQUEON BRITTON,** | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| **UNITED STATES OF AMERICA** | ) ) |
| Respondent. | ) ) |

7:24-cv-08017-LSC
(7:20-cr-00139-LSC-JHE-1)

### MEMORANDUM OF OPINION

**I.   Introduction**

Before this Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Fernandez Lequeon Britton ("Britton") on May 31, 2024. (Doc. 1.) For the following reasons, the motion is due to be denied and the present action dismissed with prejudice.

**II.   Background**

On August 13, 2020, Britton entered into a plea agreement and pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1).

(Crim. Doc. 12.)[1] Britton was sentenced to a term of imprisonment of sixty-three (63) months on December 21, 2020. (Crim. Doc. 18 at 2.)

### III.    Discussion

Britton argues that *Range v. Attorney General United States* requires that his sentence be vacated. (Doc. 1 at 1.) In *Range*, the Third Circuit ruled that 18 U.S.C. § 922(g)(1), which establishes statutory law barring individuals convicted of "a crime punishable by imprisonment for a term exceeding one year" from purchasing or possessing a firearm affecting interstate commerce, is unconstitutional when applied to the petitioner in that case. *See Range v. Attorney General United States*, 69 F.4th 96, 106 (3d Cir. 2023). Additionally, Britton argues that *NY State Rifle & Pistol Association v. Bruen* erodes the constitutionality of 18 U.S.C. § 922(g)(1). (Doc. 1.) Brittons' motion to vacate is subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the**

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:20-cr-00139-LSC-JHE-1.

**Supreme Court and made retroactively applicable to cases on collateral review; or**

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

**A. Timeliness**

    **a. Timeliness of Claim Pursuant to *Range***

*Range v. Attorney General United States* was decided by the Third Circuit Court of Appeals. Appellate court decisions are not subject to and do not reset the limitation period. *See* 28 U.S.C. § 2255(f)(3) ("the date on which the right asserted was initially recognized by the Supreme Court . . . "). Furthermore, Third Circuit decisions are not binding on this Court. Because of this, Britton's only avenue to bring his petition must be based on 28 U.S.C. § 2255(f)(1). However, his judgment of conviction became final nearly four years ago. Thus, *Range* does not provide an avenue for Britton to file his § 2255 motion because it is past the one-year timeline articulated in 28 U.S.C. § 2255(f).

    **b. Timeliness of Claim Pursuant to *Bruen***

Britton also mentions the *Bruen* decision in his petition as basis for relief. (Doc. 1 at 2.) *Bruen* was decided on June 23, 2022. 597 U.S. 1 (2022). Thus, Britton

had to file his § 2255 motion within one year from June 23, 2022 to be timely. Britton did not file his motion until May 31, 2024,[2] which is nearly a year outside of the one-year limitation period found in § 2255(f)(3). Britton has not alleged, and there is no reason to believe that any of the other circumstances delineated in subsections (1), (2), or (4) of § 2255(f) are applicable here. Thus, his entire petition is untimely and due to be dismissed.

### B. Merits

Although untimely, Britton's § 2255 petition also lacks merit. First, his motion relies solely on the Third Circuit Court of Appeals decision in *Range v. Attorney General United States*. (*See* Doc. 1.) He argues this case signifies a change in the law and quotes the Third Circuit's decision, which found 18 U.S.C. § 922(g)(1) unconstitutional when applied to the petitioner in that case. (*Id.* at 1.) Although not binding on this Court, Britton has also failed to show how the limited holding in *Range* applies to his case.

---

[2] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

Second, Britton's claim of "rumblings of 922(g) unconstitutionality" is not a valid legal basis under 28 U.S.C. § 2255. (Doc. 1 at 2.) A motion pursuant to 28 U.S.C. § 2255 may be considered if:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S. Code § 2255(a).

The Court has no reason to believe that the sentence imposed was in violation of the Constitution or the law. The law is clear under 18 U.S.C. § 922(g)(1) that an individual convicted of "a crime punishable by imprisonment for a term exceeding one year" may not possess a firearm. The Supreme Court has not recognized a new right for those with felony charges to possess a firearm, nor has the Supreme Court ruled 18 U.S.C. § 922(g) unconstitutional. The only evidence Britton offers to support his claim of unconstitutionality is a casual remark about the lower courts "expressing doubts whether 18 U.S.C. 922(g)…remains constitutional." (Doc. 1 at 2.) Britton attempts to link these contemplations to the *Bruen* decision. Even if Britton filed § 2255 petition within a year of the *Bruen* decision, it does not help his case. The holding in *Bruen* applied to a law restricting

firearm rights of law-abiding citizens. 142 S. Ct. at 2156. Thus, this circuit's ruling stating "§ 922(g)(1) is a constitutional restriction on [a defendant's] Second Amendment right" still applies because the Supreme Court has not yet changed firearm restrictions for felons. *US v. Rozier*, 598 F.3d 768, 772 (11th Cir. 2010).

### C. Unsworn Motion

Additionally, Britton's motion is not sworn under penalty of perjury. A motion under 28 U.S.C. § 2255 "must be signed under penalty of perjury by the movant or a person authorized to sign it for the movant." Rule 2(b)(5), Rules Governing Section 2255 Proceedings (2022). In *Mederos v. United States*, the petitioner filed his § 2255 motion without his Rule 2(b) signature under penalty of perjury. 218 F.3d 1252, 1254 (11th Cir. 2000). He then, after the one-year statute of limitations, sought to amend his petition and add it. *Id.* at 1253. The district court in that case dismissed the unsworn first motion as fatally defective and the second motion as untimely. *Id.* The Eleventh Circuit overturned this and said an unsworn motion is a "readily curable defect" and the petitioner "remedied the defect without delay," and that it "related back to his timely initial motion." *Id*. at 1253-54. However, in this case with Britton, his motion that was defective was never cured. Along with the other reasons to dismiss this motion detailed in this opinion, the motion is also due to be dismissed because it is unsworn.

IV. **Conclusion**

Britton's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice for the reasons detailed above.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484.)  This Court finds that Britton's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on July 11, 2024.

L. Scott Coogler
United States District Judge

215708